# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CORNELIUS E. PEOPLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 03-3129-KHV** |
| **CCA DETENTION CENTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## **ORDER**

On October 5, 2006, the Court ordered plaintiff to show good cause in writing on or before October 20, 2006 why the case should not be dismissed for failure to state a claim under Rule 12(b)(6). Plaintiff has not responded. For the reasons stated below, the Court finds that the case should be dismissed.

Plaintiff, a prison inmate, brings suit against Corrections Corporation of America ("CCA") and its employees under Bivens v. Six Unknown Named Agents Of The Federal Bureau Of Narcotics, 403 U.S. 388 (1971). Plaintiff alleges that defendants violated his constitutional right to be free from cruel and unusual punishment while he was a federal pretrial detainee in a CCA facility in Leavenworth, Kansas. Defendants moved to dismiss for lack of jurisdiction and for failure to state a claim. See Doc. # 15, filed August 19, 2003. On January 15, 2004, relying upon Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001), this Court sustained defendants' motion to dismiss for lack of subject matter jurisdiction, finding that where a state remedy is available, the Supreme Court would not extend Bivens to private employees of government contractors.

In addition to the case before this Court, plaintiff also filed a second Bivens complaint. Peoples v. CCA Det. Ctr., No. 02-3298, 2004 WL 2278667 (D. Kan. Mar. 26, 2004) ("Peoples II").

In Peoples II, the district court took jurisdiction over the Bivens claim but dismissed it for failure to state a claim under Fed R. Civ. P. 12(b)(6). Id., 2004 WL 2278667, at *7. Plaintiff appealed the dismissal of both cases.

The Tenth Circuit panel unanimously held that the Court had erred in finding that it lacked subject matter jurisdiction in Peoples I, but a divided panel affirmed the judgments denying relief in both appeals. See Peoples v. CCA Det. Ctrs., 422 F.3d 1090, 1096 (10th Cir. 2005). A majority of the panel reasoned that plaintiff could not maintain a Bivens action against the individual defendants, as employees of CCA. Id. at 1108. The Tenth Circuit granted rehearing en banc, vacated the judgment and restored the cases as pending appeals, but did not vacate the panel opinion.

On rehearing en banc, the Tenth Circuit determined unanimously that the district courts had subject matter jurisdiction over the Bivens claims, and reversed this Court's judgment with respect to that issue. Peoples v. CCA Det. Ctrs., 449 F.3d 1097, 1098 (10th Cir. 2006) (citing Peoples, 422 F.3d at 1095-96). The Tenth Circuit then ruled as follows:

> We are evenly divided, however, for substantially the same reasons as are set forth in the panel's majority and dissenting opinions, on the question whether a Bivens action is available against employees of a privately-operated prison. Because there is no majority on the en banc panel, the district court's ruling in Peoples II on this issue is affirmed by an equally divided court. See Zuni Pub. Sch. Dist. No. 89 v. U.S. Dept. of Ed., 437 F.3d 1289 (10th Cir. 2006); United States v. Rivera, 874 F.2d 754 (10th Cir. 1989). That portion of the original panel opinion addressing this issue is, therefore, vacated and lacks precedential value. See Peoples, 422 F.3d at 1096-1108. As a consequence of our conclusions, the judgment in appeal number 04-3071, Peoples I, is REVERSED, and that matter is remanded to the United States District Court for the District of Kansas with instructions to conduct additional proceedings in light of our opinion regarding the court's subject matter jurisdiction.

In light of the Tenth Circuit's ruling, this Court ordered plaintiff to show good cause in writing on or before October 20, 2006 why the case should not be dismissed for failure to state a claim under Rule 12(b)(6). Plaintiff has not responded. As set out in this Court's Memorandum

2

And Order (Doc. # 29) filed January 15, 2004, the Supreme Court has held that where a state remedy is available, the Supreme Court will not imply a new Bivens action. Malesko, 534 U.S. at 72-74; see Dorwart v. Caraway, 58 P.3d 128, 144 (Mont. 2002) (one cannot read Malesko without concluding that Bivens will be limited to violations of constitutional rights under Fourth and Eighth Amendments, and in some cases Fifth Amendment and even in those instances, Supreme Court will apply Bivens as narrowly as possible).

Here, as in Malesko, plaintiff's complaint alleges a quintessential claim of negligence. Plaintiff claims that the defendants owed inmates a duty of care, that defendants were required to exercise ordinary care to keep prisoners safe, and that CCA employees did not properly respond to an allegedly dangerous situation. Because plaintiff has a state court remedy, the Court can not imply a Bivens action. The Court finds that plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). Defendants are therefore entitled to dismissal.

**IT IS THEREFORE ORDERED** that the case be and hereby is **DISMISSED**.

Dated this 30th day of October, 2006 at Kansas City, Kansas.

> s/Kathryn H. Vratil
> KATHRYN H VRATIL
> United States District Judge